The opinion of the Court toss' delivered by

Mr. Justice Johnson. .

In the discussion of the question arising out of the first proposition, it was contended on the part of the defendant that Mrs. Sims took nothing under this clause of the will, except the naked possession, which belonged to her in the character of executrix; and at most, no more than was absolutely necessary for her support and maintainance: that the fund with which these negroes were purchased Was so much surplus and belonged to the estate; and that therefore they v/ercthe property of the estate of James Sims.
It is not necessary to the determination of this case, to enter into the consideration of this question: and as the case will probably find its way into another court, possessing' competent powers, it is thought advisable to leave it unfettered by any opinion of this court. I shall therefore only notice the ground on which, in the view of the court, the present motion cannot avail the defendant; which brings me to the second proposition.
To get at this question, it must be conceded that Mrs. Sims took nothing but a naked possession under the will, and consequently, that the fund arising from mesne profits belonged to the estate of James Sims, and it would follow that any dis-posion of them would he a' devastavit.
It is in vain that the declarations of Mrs. Sims, that she purchased these negroes for the estate, are urged in support of this motion. If the funds did not belong to her, in her own right, she had not the power of investing them in this manner, and the legal property must be vested in her. If a loss had occurred it must have devolved on her, and if a profit has been derived from it, she would, for that reason, be entitled to the fruits, (a)
*45 There is another view of the subject, which, in my mind, ■is equally conclusive. It v/ill be recollected that near thirty-years has elapsed since the death of James Sims, and it is impossible in this form of action to obtain an account of her administration of that estate. All that we know of. it, is, that at the time she purchased these negroes, there was a disposable fund at her command; but whether the estate was productive before or after, or whether it is or is not now largely indebted to her, we cannot know but by calling her executor to an account; and whether there are not other demands against her of equal or superior degree, we must he ignorant. It is necessary therefore, that this fund should go into the hands of her executor, to be disposed of in the manner provided by law.
The motion is therefore refused. —
JYott, Richardson, Huger and Gantt, Justices, concurred.

 This seems clearly tobe the rule of Jaw, A different rule (or a modi, fication of the rulej obtains in equity. If an executor purchase with the funds •of the estate, it is at the option of those entitled to the estate, to charge him *45 with the money and interest, or to take the property purchased. An executor or administrator is iti equity a trustee, and such purchases made hy him are subject to all the rules which apply to resulting trusts. But the application of the trust fund must he clearly proved ("On. in the life time of the executor) or established by the confession of the executor or trustee. See Ryall, vs. Ryall, 1 Atk. 58. Lloyd, vs. Spillet, 2 Atk. 150. Lane, vs. Dighton, Amb. 409. Boyd, vs. M‘Lean, 1 John. Ch. Rep. 587. Botsford, vs. Burr, 2 Johns. Rep. 408. Glass, vs. Baxter, 4 Eq. Rep. 153.